UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN G. McNULTY,

        Case No. 08-13178

    Plaintiff,

        Honorable Paul D. Borman
v.        United States District Judge

        Honorable R. Steven Whalen
REDDY ICE HOLDINGS, INC.,    United States Magistrate Judge
ET AL.,

    Defendants.
_____/

**OPINION AND ORDER RE: PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Before the Court is Plaintiff Martin McNulty's Motion to Compel Discovery [Docket #112]. Oral argument was held on December 17, 2009. The motion will be GRANTED for the reasons and under the terms set forth below.

### I.    BACKGROUND

The basic facts of this case were thoroughly discussed in Judge Borman's Opinion and Order granting in part Defendants' motion to dismiss [Docket # ] and in his subsequent Opinion and Order granting reconsideration [Docket # ], and they need not be repeated here in any great detail. In short, Mr. McNulty alleges that he was terminated

from his employment at Defendant Arctic Glacier, Inc.[1] because of his refusal to participate in an alleged unlawful market allocation scheme within the packaged ice industry. In addition, Mr. McNulty alleges that after he parted ways with Arctic Glacier, he was blackballed in the industry, and thus prevented from obtaining any employment in his field.  In his amended complaint filed on December 2, 2008 [Docket #43], he alleged the following causes of action against all Defendants: **Count I:**  violation of Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); **Count II:** violation of RICO, 18 U.S.C. § 1962(d); **Count III:** violation of the Sherman Act, 15 U.S.C. § 1; **Count IV:** conspiracy to restrain trade in violation of the Michigan Antitrust Reform Act, M.C.L. § 445.772; and **Count V:** tortious interference with prospective economic advantage.

On May 29, 2009, Judge Borman granted in part the Defendants' motion to dismiss, dismissing all Counts except (1) RICO claims against Defendants Arctic Glacier and Knowlton under 18 U.S.C. § 1962(c) (Count I); (2) claim of tortious interference with prospective economic advantage against Defendant Arctic Glacier (Count V).  The May 29th Opinion was based in part on the fact that on February 17, 2005, following his termination with Arctic Glacier, the Plaintiff signed a release agreeing not to sue Arctic Glacier or any parent or subsidiary corporations, partners, directors, employees or agents,

---

[1] The present motion to compel is directed at Defendants Arctic Glacier Income Fund, Arctic Glacier, Inc. And Arctic Glacier International, Inc., which will be collectively referred to as "Arctic Glacier."

for any claims arising before the date of the release.

On July 17, 2009, Judge Borman granted the Plaintiff's motion for reconsideration, and reinstated the RICO claims against Defendants Reddy Ice Holdings, Inc., Reddy Ice Corporation, Home City Ice Company and Joseph Riley under 18 U.S.C. § 1962(c). Judge Borman granted reconsideration based on the intervening Supreme Court case of *Boyle v. United States*, __U.S.__, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009), which clarified the standard for demonstrating a RICO enterprise. However, he reiterated that proof of the RICO claim was limited by the Plaintiff's waiver, and that based on the release, "the Court cannot use allegations of Arctic Glacier's, Mr. Knowlton's, or Mr. Corbin's involvement in the market allocation scheme prior to February 17, 2005 to establish a RICO enterprise, which includes one or all of these Defendants as an associate of that enterprise." *Opinion*, Doc. No. 98, p.7.[2]

In the present motion to compel, 12 of Plaintiff's specific document requests were originally at issue. Prior to the hearing, five of those requests were resolved. Each of the remaining seven document requests will be discussed below.

## II.   GENERAL PRINCIPLES OF DISCOVERY

The scope and limits of discovery are set forth in Fed.R.Civ.P. 26(b). Rule 26(b)(1) states, in pertinent part:

"Parties may obtain discovery regarding any matter, not privileged, that is

---

[2] At the hearing on this motion, Defendant argued that as a practical matter, the alleged post-termination boycott of Mr. McNulty is the only RICO claim remaining.

relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action...All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)."

Under Rule 26(b), the scope of discovery is broad. *Lewis v. ABC Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Id.*, quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970). It is well established that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). However, the Court may limit discovery if "the discovery sought is unreasonably cumulative or duplicative [or] ... the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2). "[M]ost discovery disputes are resolved by balancing the relevance, importance, and need for the discovery on one hand against the burden, expense, and possibility of waste of time and effort on the other." *El Camino Resources, Ltd. v. Huntington Nat. Bank*, 2008 WL 4833009, *1 (W.D.Mich. 2008).

### III.   DISCUSSION

Request #1

Plaintiff has limited this request for production to "documents related to Mr. McNulty's employment, termination, sales, performance, salary, earn-out any aspect of a

-4-

conspiracy that relates to Mr. McNulty, including the market allocation conspiracy and the conspiracy to boycoott Mr. McNulty, and all documents related to Mr. McNulty after his termination in January 2005." *Joint List of Unresolved Issues*, Doc. No. 126.  Arctic Glacier argues that even as revised, the request is overly broad and unduly burdensome. Arctic Glacier instead proposes to produce (a) a copy of Plaintiff's personnel file, and (b) "all documents referring or relating to Plaintiff's employment with and/or termination from Arctic Glacier, which reside within the files of Keith Corbin, Chuck Knowlton, Joseph Riley, Richard Scott and Frank Larson." *Id*.

      The time frame of the Plaintiff's Request #1 and the potential number of employees who might have documents that mention Mr. McNulty is overly broad, and would impose a substantial burden of Arctic Glacier.  The Defendant's proposal strikes a more appropriate balance between Mr. McNulty's need for relevant discovery and the burden and expense on Arctic Glacier, so long as the term "residing within the files of" the named individuals includes notes, memoranda, correspondence, emails and any other electronically stored files that reference Mr. McNulty in any way, not just references to his employment and termination.[3]  In addition, given the temporal limitations arising out of the Plaintiff's release, as discussed in Judge Borman's opinions relative to the motion to dismiss, the requested material will be limited to documents generated on or after February

---

[3] At oral argument, the parties indicated that there might be one or two other individuals with relevant information, and Defendant agreed that those individuals could be added to the discovery request.

17, 2005.[4]

Request #2, #3 and #4

In these three requests, Plaintiff seeks documents relating to Joseph Riley (#2), Fiaz Simon (#3) and Geoff Lewandowski (#4). Defendant objects on the grounds that the requests are overbroad and burdensome, given the relatively large number of individuals within Arctic Glacier whose files would have to be searched, electronically or otherwise. As with the previous request, Defendant suggests that the search be limited to information "residing within the files" of Keith Corbin, Chuck Knowlton Joseph Riley, Richard Scott, Frank Larson, and the one or two other individuals that might be specifically identified by the Plaintiff.

Balancing the Plaintiff's need for relevant information and the burden on Arctic Glacier,[5] and with due regard for the limitations imposed by the Plaintiff's release, the motion to compel production of the requested documents will be granted under the following terms.

*Request #2.* Defendant will produce all documents sent to or received from Joseph Riley that reference Mr. McNulty; and all documents referring or relating to Mr. Riley after the termination of Riley's employment with Arctic Glacier, residing within the files

---

[4] In order to facilitate with all of the discovery requests in this motion, counsel for all parties should agree on a list of search terms most likely to identify relevant documents.

[5] Defendant claims that as phrased, Plaintiff's request would require the search of approximately 11 million emails.

(as that term is defined above) of Keith Corbin, Chuck Knowlton, Joseph Riley, Richard Scott, Frank Larson, and the one or two additional individuals that will be identified by Plaintiff.

*Request #3*. Defendant will produce all documents referring or relating to Fiaz Simon that also refer or relate to Mr. McNulty, and that reside within the files (as described above) of Keith Corbin, Chuck Knowlton, Joseph Riley, Richard Scott, Frank Larson, and the one or two additional individuals that will be identified by Plaintiff.

*Request #4*. Defendant will produce all documents sent to or received from Geoff Lewandowski, referring or relating to Mr. McNulty; and all documents referring or relating to Mr. Lewandowski after the termination of Lewandowski's employment with Arctic Glacier, residing within the files (see above) of Keith Corbin, Chuck Knowlton, Joseph Riley, Richard Scott, Frank Larson, and the one or two additional individuals that will be identified by Plaintiff.

Request #5, #7 and #13

In these requests, Plaintiff seeks documents relating to the compensation of Arctic Glacier executives and salespeople (#5) and studies, analyses or plans relating to compensation Arctic Glacier executives and salespeople (#7). He also seeks documents "relating to the job performance of United States packaged ice sales personnel who are directors, managers, or vice presidents" (#13). The parties have two general areas of dispute: the time frame of the request, and the geographical span, i.e., Michigan or national.

While at Arctic Glacier, the Plaintiff was involved in sales, and claims to have been poised to ascend to the position of Vice President of Sales. These requests are relevant to his claim for damages.

Mr. McNulty was terminated in January of 2005. Balancing relevance against burdensomeness, it is reasonable to limit the time frame from January, 2004 to the present. Relevance decreases as the age of the information moves backward more than one year before the Plaintiff's termination. As to the geographical range, Plaintiff claims that he was blackballed within the industry, not just in Michigan. Therefore, the national figures are relevant, even if, as it claims, Arctic Glacier inherited pay schemes of predecessor companies.

Therefore, as to requests #5, #7 and #13, Defendant will produce the requested information on a national basis, limited to the period of January, 2004 to the present. Any personal identification information may be redacted.

<u>General Objections</u>

The substantive discovery disputes having now been resolved in light of all objections, it is unnecessary to address the viability of Defendants' "general objections."

<u>Protective Order and Timing</u>

A ruling on cross-motions for protective order is being filed contemporaneously with this order. Counsel will be directed to prepare and file a protective order consistent with that ruling. All discovery ordered pursuant to the present order will be produced no later than 30 days after the Court's entry of the protective order.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 25, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 25, 2010.

s/Susan Jefferson
Case Manager