UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN G. McNULTY,

         Plaintiff,

v.

REDDY ICE HOLDINGS, INC.,
ET AL.,

         Defendants.
_____/

Case No. 08-13178

Honorable Paul D. Borman
United States District Judge

Honorable R. Steven Whalen
United States Magistrate Judge

**OPINION AND ORDER REGARDING CROSS-MOTIONS
FOR PROTECTIVE ORDER**

Before the Court are Defendants' Motion for Protective Order [Doc. #113] and Plaintiff's Cross-Motion for Protective Order [Doc. #115]. For the reasons set forth below, Defendants' Motion [Doc. #113] will be GRANTED, and Plaintiff's Motion [Doc. #115] DENIED.

**I.    BACKGROUND**

Discovery in this case will almost certainly include sensitive and confidential commercial information. The parties agree that a protective order is necessary, and have to a large extent agreed to the terms of such order. However, certain disputes remain, most particularly as to the scope of permissible disclosure of protected material. At issue are the following items:

(1) Defendants seek to limit disclosure only to the court "to whom this matter, Civil Action No. 2:08-cv-13178 (E.D. Mich.), is assigned." Plaintiff has narrowed his original request, but still proposes disclosure to other courts with "cases involving allegations of

anticompetitive activity by any of the Defendants that are: (i) currently pending in the Eastern District of Michigan (where a related MDL is pending); and (ii) in the Southern District of Ohio (where Home City Ice, Arctic Glacier, Keith Corbin, Gary Cooley, and Frank Larson have agreed to plead guilty to a criminal market allocation conspiracy in the packaged ice industry)." Plaintiff also offers to provide 10 days written notice prior to any disclosure. *Joint List of Unresolved Issues,* Doc. #127.

(2) Plaintiff's proposed protective order would permit disclosure to civil government authorities in the case of "currently pending civil governmental investigations or cases." *Id*. Defendants oppose this provision.

(3) Plaintiff seeks a protective order that would permit disclosure in the related multi-district litigation case, specifically to "[c]ounsel in MDL 1952, provided that the proposed recipient is already operating under a protective order entered in MDL 1952 or agrees to be bound by this Order and signs Exhibit A to this order." Defendants oppose this provision as premature, because a protective order has not been entered in the MDL case. *Id.*

(4) Finally, the parties quibble over the language of a provision governing the inadvertent disclosure of privileged information. *Id.*

## II.  LEGAL PRINCIPLES

Fed.R.Civ.P. 26(c) provides for entry of a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Rule 26(c)(7) provides "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way...." The district courts have "broad discretion...to decide when a protective order is appropriate and what degree of protection is required," and "the general public right of access does not

reach pretrial discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36-37, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

Under Rule 26(c), the granting of a protective order requires a showing of good cause. The burden of establishing good cause for such an order rests with the movant, but the court's discretion is "limited by the careful dictates of Fed.R.Civ.P.26." *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir.1996); *see also General Dynamics Corp. v. Seib Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir.1973), *cert. denied,* 414 U.S. 1162 (1974).

### III.   DISCUSSION
#### A.   Disclosure to Other Courts

It is well within a court's discretion to limit disclosure of confidential material to the pending case, and to preclude disclosure to non-parties or to litigants in other cases. *See Scott v. Monsanto Co.*, 868 F.2d 786, 792 (5th Cir. 1989); *Vollert v. Summa Corp.*, 389 F.Supp. 1348, 1351 (D.C. Hawaii 1975) (court issues protective order "limiting plaintiff's uses of the discovered information and prohibiting disclosure of the information beyond the confines of this case.").

In this case, both parties have shown good cause for the issuance of a protective order with regard to confidential business and commercial information.  Again, however, the scope of such order is entrusted to the Court's discretion.  Plaintiff's case is, of course, related to pending MDL cases in the Eastern District of Michigan and the Southern District of Ohio, but is also narrower in scope, insofar as the Plaintiff's RICO claim is limited by his February 17, 2005 waiver. *See Opinion and Order re: Plaintiff's Motion to Compel Discovery*, filed contemporaneously with this Opinion and Order.  Indeed, the

Plaintiff's surviving issues center on the alleged post-termination conspiracy to blackball him from employment in the packaged ice industry. He will have access to Defendants' confidential information for use in this case, and he will suffer no prejudice if he is precluded from disseminating that information to counsel in other cases. *Scott v. Monsanto Co., supra*. Moreover, nothing in this protective order precludes independent discovery in other cases. Finally, the protective order will provide that if the party requesting discovery seeks to disclose information outside the context of this case, that party may bring an appropriate motion.

Therefore, Defendants' request to limit disclosure of confidential material to this Plaintiff's case is GRANTED, and Plaintiff's request for more expansive disclosure is DENIED.

### B. Disclosure to Governmental Authorities

Plaintiff seeks an order that would permit the disclosure of confidential materials to state and federal governmental authorities in the case of "currently pending civil governmental investigations or cases." Plaintiff proposes that this provision would be subject to 10 day advance notice prior to disclosure, "and would prohibit disclosure unless the governmental entity agreed to take appropriate steps to preserve the confidentiality of such material." *Joint List*, p.5. Plaintiff argues that "public policy favors disclosure of wrongdoing to government authorities." *Id*.

Plaintiff has already disclosed wrongdoing to the government, and as a result, guilty pleas have been entered in the Southern District of Ohio. Public policy does not weigh in favor of parties to a private lawsuit serving as discovery agents for the government. Both the federal government and the various state attorneys general who are investigating the Defendants are well aware of the background of this case and the allegations of

"wrongdoing." They have subpoena power sufficient to obtain whatever documents and other information they need for their investigations. Restricting disclosure to the present case will neither stymie law enforcement nor prejudice the Plaintiff's prosecution of this case. On the other hand, an order presumptively allowing disclosure would be pregnant with mischief.

As with disclosure to other courts, I find that confidential material should be confined to use only in the present case, and should not be provided to governmental agencies over which this Court has little control. If, however, Plaintiff believes that he has cause to deviate from the protective order and provide specific information to entities outside the context of this lawsuit, he may file an appropriate motion.[1]

### C.  Disclosure to Counsel in MDL Case

The issues in Plaintiff's case are significantly narrower than those in the related MDL cases. The courts in the MDL action have not yet entered a protective order, and this Court has no way of divining what the terms of that future order might be. While information sharing might at some point be appropriate, I agree with Defendants that at present, the request to share information with MDL counsel is premature.[2] In this regard, Defendants' motion is GRANTED, and Plaintiff's motion is DENIED.

---

[1] Both Plaintiff's and Defendants' proposed protective orders provide a mechanism for pre-disclosure judicial review. The difference lies in who has the burden of persuasion. The Defendants have met their burden of showing the need for a protective order that limits disclosure to the confines of the present case. The burden of showing the need to deviate from that order properly rests with the party seeking more expansive disclosure.

[2] As if to underscore the potential for mischief inherent in Plaintiff's proposed protective order, the Court was advised that counsel in a related Canadian case also seeks access to discovery material generated in this case. (Canadian counsel was present in the courtroom during argument on this motion). This Court has no interest in either ceding control of discovery to other courts, or in limiting what those courts might choose to include in their own protective orders.

## IV.  Inadvertent Production of Privileged Information

With regard to the inadvertent production of privileged information, both parties agree to the applicability of Fed.R.Civ.P. 26(b)(5)(B), which provides:

> **"(B)** *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved."

The Plaintiff objects to Defendants' proposed language that requires the return any document that "appears to be an inadvertently produced privileged document." Plaintiff argues that "appears to be" is ambiguous, and would subject him to an uncertain burden of identifying a potentially large number of documents.

Both parties have cited with approval American Bar Association Model Rule 4.4(b), which states:

> "A lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender."

The "knows or reasonably should know" language of the Model Rule provides a more objective standard, and is thus preferable to the more vague "appears to be" phrase. Therefore, the protective order shall contain the language of ABA Model Rule 4.4(b).

## IV. CONCLUSION

Plaintiff's Cross-Motion for Protective Order [Doc. #115] is DENIED. Defendants' Motion for Protective Order [Doc. #113] is GRANTED, under the terms set forth above. Within five business days of the date of this Order, Defendants shall efile a proposed Protective Order consistent with this Order. Upon review, the Court will sign and enter the Protective Order.

IT IS SO ORDERED.

        s/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated: January 25, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 25, 2010.

        s/Susan Jefferson
        Case Manager