# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

MARTIN G. McNULTY,

    Plaintiff,

v.

REDDY ICE HOLDINGS, INC., et al.

    Defendants.

Civil Action No. 2:08-cv-13178

Judge Paul D. Borman

Magistrate Judge R. Steven Whalen

## JOINT OPPOSITION OF THE HOME CITY ICE COMPANY AND CERTAIN OTHER DEFENDANTS TO THE MOTION OF LOUISE KNOWLES D/B/A SPECIAL EVENTS MARKETING TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING MODIFICATION TO PROTECTIVE ORDER

Defendants The Home City Ice Company, Reddy Ice Holdings, Inc., Reddy Ice Corporation, Charles Knowlton and Joseph Riley (the "Non-Arctic Defendants") state that the Motion of Louise Knowles d/b/a Special Events Marketing ("Canadian Plaintiff") to Intervene for the Limited Purpose of Seeking Modification to Protective Order (the "Motion")[1] should be denied for the following separate and independent reasons:

1.    First, the Canadian Plaintiff cannot satisfy the requirements for permissive intervention under Federal Rule of Civil Procedure 24(b) because (a) Canadian Plaintiff's Motion is premature; and (b) Canadian Plaintiff has failed to show that her Canadian action, which relates to alleged antitrust injury in Canada, has sufficient commonality with the current action, which is not an antitrust case, relates solely to United States markets and transactions located in the United States, and involves different parties.

---

[1] Canadian Plaintiff failed to engage counsel for these Defendants to seek their concurrence with the Motion, as required by Local Rule 7.1, although, for the reasons set forth herein, these Defendants would have withheld their concurrence.

2. Second, Canadian Plaintiff cannot justify modifying the Protective Order in this case because she does not, and cannot, demonstrate a compelling need or good cause for gaining access to the protected materials at this time.

3. The requested intervention would result in undue prejudice particular to the Non-Arctic Defendants because (a) they are not parties to the Canadian lawsuit, (b) they are not subject to the process of the Canadian court, and (c) they would be unable to protect their legitimate privacy and confidentiality interests in their documents and other proprietary information without intervening in the Canadian lawsuit, thereby unfairly subjecting the Non-Arctic Defendants to the expense and attendant risk of legal proceedings in another country. The foregoing reasons supporting denial of Canadian Plaintiff's Motion are set forth in further detail below.

# STATEMENT OF KEY ISSUES PRESENTED

1. Whether Canadian Plaintiff can intervene in this pending U.S. action solely to obtain documents for use in a Canadian lawsuit where Canadian Plaintiff's Motion is premature, and where Canadian Plaintiff fails to show that her Canadian lawsuit has questions of law or fact in common with the significantly narrower issues involved in the current action.

2. Whether Canadian Plaintiff has demonstrated good cause for gaining access to U.S. discovery materials, where such disclosure would greatly prejudice Defendants, both in terms of the associated cost burden and the harm Defendants would suffer from disclosure of confidential, proprietary information.

3. Whether the requested intervention would result in undue prejudice particular to the Non-Arctic Defendants, who (a) are not parties to the Canadian lawsuit, (b) are not subject to the process of the Canadian court, and (c) would be unable to protect their legitimate privacy and confidentiality interests in their documents and other proprietary information without, at a minimum, intervening in the Canadian lawsuit, thereby unfairly subjecting the Non-Arctic Defendants to the costs and attendant burdens of participating in legal proceedings in another country.

# STATEMENT OF CONTROLLING AUTHORITIES

**Cases**

*Anglers of the AU Sable v. U.S. Forest Service*, 590 F. Supp. 2d 877 (E.D. Mich. 2008) ............. 5

*In re New Motor Vehicles Canadian Export Antitrust Litig.*, 2009 WL 861485, *8 (D. Me. March 26, 2009) ............. 4

*Pro Swing Inc. v. Elta Golf Inc.*, 2006 SCC 52 ............. 5

**Rules**

Fed. R. Civ. P. 24(b) ............. 2, 5

I. **INTRODUCTION.**

This is an employment case. Plaintiff Martin McNulty alleges that the Defendants conspired to terminate his employment with Defendant Arctic Glacier and to subsequently boycott Plaintiff from employment in the U.S. packaged ice industry. The antitrust claims that were originally asserted in this action by Plaintiff have been dismissed. (Doc. ##84 & 85).

Louise Knowles d/b/a Special Events Marketing ("Canadian Plaintiff"), purportedly on behalf of herself and others similarly situated, has commenced a proposed class action antitrust lawsuit against Arctic Glacier Inc. in the Superior Court of Justice, Ontario, Canada, captioned *Louise Knowles d/b/a Special Events Marketing v. Arctic Glacier, Inc.* ("Canadian Litigation"). Unlike this case, the Canadian Litigation is an antitrust case alleging violation of Canada's Competition Act with respect to ice sales in the Canadian market. It has nothing to do with Plaintiff's employment or any alleged effort to blackball him, which is the subject matter of this case. Significantly for purposes of this Opposition, Arctic Glacier Inc. is the only defendant in the Canadian Litigation. None of the Non-Arctic Defendants in this *McNulty* case are parties to the Canadian Litigation.

By her Motion to Intervene, the Canadian Plaintiff asks this Court to make the extraordinary decision to allow a Canadian litigant to intervene in this pending U.S. action solely to "gather evidence from discovery" for use in a Canadian lawsuit.[2] As Arctic Glacier aptly points out in detail in its separately-filed Opposition to the Motion, (1) the Canadian Plaintiff could not obtain the discovery she seeks here through the Canadian legal system at this stage of her own litigation, if ever, (2) the Canadian Litigation does not share questions of law or fact that

---

[2] The Motion, p. 2.

1

are sufficiently common with the narrow issues in this case to permit intervention under Rule 24(b), and (3) Canadian Plaintiff has not demonstrated good cause to modify the protective order. For the sake of judicial economy, the Non-Arctic Defendants will not reargue in detail those points here but will instead rely upon and incorporate those arguments as articulated by Arctic Glacier in its Opposition to the Motion.

By this separate Opposition, the Non-Arctic Defendants bring to the Court's attention some additional reasons for denial of the Motion that are particular to the Non-Arctic Defendants. Specifically, while Arctic Glacier Inc. may be a party common to this case and to the Canadian Litigation, it is the only common party. The discovery that Canadian Plaintiff seeks to obtain through intervention here is not limited to documents and information belonging to Arctic. Rather, it broadly includes documents and information from Home City and the other Non-Arctic Defendants. And while Arctic, as a party to the Canadian Litigation, may be positioned at least to assert its rights in that case and seek appropriate procedural protections under Canadian rules, the Non-Arctic Defendants simply are not. This significant inability to seek and obtain the protections of the Canadian court system with respect to their proprietary and confidential business information, were it to leave the United States – or alternatively the cost of doing so – imposes on the Non-Arctic Defendants the sort of undue prejudice to the rights of the original parties that make permissive intervention inappropriate under Rule 24(b).

Finally, the reasoning articulated by the Magistrate Judge in his Opinion and Order Regarding Cross-Motions for Protective Order, filed herein on January 25, 2010, applies equally to the current Motion (Doc. #130). In granting Defendants' request to limit disclosure of

confidential material to this case and denying Plaintiff's request for more expansive disclosure, the Court noted:

> It is well within a court's discretion to limit disclosure of confidential material to the pending case, and to preclude disclosure to non-parties or to litigants in other cases. *See Scott v. Monsanto Co.,* 868 F.2d 786, 792 (5th Cir. 1989); *Vollert v. Summa Corp.,* 389 F.Supp. 1348, 1351 (D.C. Hawaii 1975) (court issues protective order "limiting plaintiff's uses of the discovered information and prohibiting disclosure of the information beyond the confines of this case.").[3]

In prohibiting disclosure to counsel in the related MDL cases, the Court reasoned that the issues in this case "are significantly narrower than those in the related MDL cases."[4] Obviously, the same can be said as between the Canadian antitrust Litigation and this employment case.

The Magistrate Judge also denied disclosure of confidential material to state and federal governmental authorities, concluding: "As with disclosure to other courts, I find that confidential material should be confined to use only in the present case, and should not be provided to governmental agencies over which this Court has little control."[5] If this Court has such concerns about its control over governmental agencies located <u>within</u> this country, its concern over lack of control of the activities of courts and parties in Canada should necessarily be even greater.

## II.  ARGUMENT.

### A.  The Non-Arctic Defendants Adopt and Incorporate Herein the Arguments Asserted in Arctic Glacier's Opposition to the Motion.

In its Opposition to the Motion, Arctic Glacier has cogently articulated the principal bases for denial of the Motion. Those bases apply equally to the Non-Arctic Defendants. The discovery sought by Canadian Plaintiff through intervention here is premature under well-

---

[3] January 25, 2010 Opinion and Order (Doc. #130), p. 3.

[4] January 25, 2010 Opinion and Order (Doc. #130), p. 5.

[5] January 25, 2010 Opinion and Order (Doc. #130), p. 5.

3

established Canadian procedural rules governing class actions in Canada, and is thus untimely under Rule 24(b). Further, the fact that the Canadian Litigation is an antitrust case involving ice sales for one period of time in the Canadian market, while this case is an employment case – and specifically not an antitrust case – involving ice sales for a different period of time in the U.S., prevents the finding of common questions of law or fact necessary to permit intervention under Rule 24(b).

As Arctic further points out, the intervention should be denied because good cause for the requested modification of the protective order has not been shown. Canadian Plaintiff is improperly attempting to use this U.S. proceeding as a back door to circumvent the discovery rules governing the Canadian Litigation. Were Canadian Plaintiff's special request permitted, all of the Non-Arctic Defendants would be subjected to significant additional costs associated with preparing discovery responses for the benefit of an additional party who has no claims and no interest in this case, a cost burden that far outweighs any entitlement to premature and overbroad discovery emanating from a foreign forum.

Finally, Canadian Plaintiff's offer to subject <u>its counsel</u> to this Court's jurisdiction for purposes of enforcing the protective order provides little real protection to the Defendants, particularly the Non-Arctic Defendants. As Arctic notes, the "specter of being sanctioned under Rule 37(b) has little or no meaning where the Intervenors have no abiding claim in this Court. Consequently, violation of the protective order would have to be remedied through an exercise of contempt powers."[6] Yet, as Arctic notes, Canadian courts may not enforce contempt orders

---

[6] *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 2009 WL 861485, *8 (D. Me. March 26, 2009) (citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988)).

issued by the courts of the United States.[7] Thus, once Defendants' documents and other proprietary information leave this jurisdiction, there is precious little to protect them.

To avoid further repetition, Home City adopts and incorporates herein the detailed reasoning on these points provided to the Court by Arctic's Opposition to the Motion.

### B. The Requested Intervention Would Result in Undue Prejudice Particular to the Non-Arctic Defendants.

Under Rule 24(b), "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."[8] The intervention requested by the Canadian Plaintiff would result in particularly undue prejudice to the Non-Arctic Defendants. Canadian Plaintiff has sued Arctic Glacier in the Canadian Litigation, and Arctic Glacier is defending that case. Canadian Plaintiff has not sued any of the Non-Arctic Defendants and has no claims against them. Nor is there any reason to believe that the Non-Arctic Defendants are otherwise subject to jurisdiction in Canada. As non-parties and non-citizens not doing business in Canada, they are not generally subject to the process of the court in the Canadian Litigation. Yet through the circumvention of Canadian legal process by the current Motion to Intervene, Canadian Plaintiff threatens to expose confidential materials belonging to the Non-Arctic Defendants to proceedings, parties and witnesses in a foreign forum with which they have no connection and to whom they have no legal obligation.

The Non-Arctic Defendants do not have lawyers in Canada. Were the requested intervention permitted and the discovery provided to Canadian Plaintiff, the Non-Arctic

---

[7] *Pro Swing Inc. v. Elta Golf Inc.*, 2006 SCC 52, ¶¶ 34-39, 62.

[8] Fed. R. Civ. P. 24(b); *Anglers of the AU Sable v. U.S. Forest Service*, 590 F. Supp. 2d 877, 883 (E.D. Mich. 2008) ("Under Rule 24(b), the requirements for permissive intervention are that the application be timely, the applicant's claim or defense shares a common question of law or fact with the main action, and the intervention does not unduly delay or prejudice the adjudication of the rights of the original parties.").

Defendants would have no means of monitoring activities in the Canadian Litigation, as they might pertain to documents and information in which they have a proprietary interest. Nor would the Non-Arctic Defendants have any means to object to or influence any particular use of such materials in the Canadian Litigation. As the Defendants have demonstrated, the materials at issue contain proprietary and highly confidential business information that Defendants have legitimate interests in protecting. Once those materials are beyond the view and reach of the Non-Arctic Defendants (and this Court), who will not be in Canada to monitor or protect the confidentiality of those materials, that confidentiality will, for all practical purposes, be at substantial risk of loss. That loss is inherently and unduly prejudicial to these original parties.

In the Magistrate Judge's recent Opinion and Order Regarding Cross-Motions for Protective Order, the Court properly underscored the "potential for mischief" that was inherent in Plaintiff's requests to share confidential and proprietary information with parties in other cases <u>within</u> the United States. That potential for mischief would be immeasurably heightened by expanding disclosure to courts in other countries where neither these parties nor this Court have control or even influence.

### III. CONCLUSION

For the foregoing reasons, including those articulated by Arctic Glacier in its Opposition, the Non-Arctic Defendants respectfully requests that the Court deny the Motion to Intervene.

Dated: January 28, 2010

Respectfully submitted,

*/s/ Sanford Litvack*
Sanford Litvack
Eric Stock
*Attorneys for Defendant*
*The Home City Ice Company*
HOGAN & HARTSON LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-8271
Facsimile: (212) 918-3100
E-mail: slitvack@hhlaw.com

and

*/s/ J. Jeffrey Landen*
John B. Pinney
J. Jeffrey Landen
Michael A. Roberts
*Attorneys for Defendant,*
*The Home City Ice Company*
GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH 45202
Telephone: (513) 621-6464
Facsimile: (513)651-3836
E-mail: mroberts@graydon.com

*/s/David Bamberger*
David Bamberger
James R. Nelson
*Attorneys for Defendants, Reddy Ice*
*Holdings, Inc. and Reddy Ice Corporation*
DLA PIPER LLP (US)
1717 Main Street
Suite 4600
Dallas, TX 75201-4605
Telephone: (214) 743-4512
Facsimile: (972) 813-6269
E-mail: david.bamberger@dlapiper.com

*/s/ Pamela C. Dausman*
Scott L. Mandel
Pamela C. Dausman
*Attorneys for Defendant,*
*Joseph Riley*
Foster, Swift, Collins & Smith, PC
313 S. Washington Square
Lansing, MI 48933-2193
517-371-8185
Email: smandel@fosterswift.com
Email: pdausman@fosterswift.com

*/s/ Peter R. Silverman*
Peter R. Silverman
Shumaker, Loop & Kendrick, LLP.
*Attorney for Defendant,*
*Charles Knowlton*
1000 Jackson Street
Toledo, OH 43604
419-241-9000
Fax: 419-241-6894
Email: psilverman@slk-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2010, I electronically filed the attached **Joint Opposition of The Home City Ice Company and Certain Other Defendants to the Motion of Louise Knowles d/b/a Special Events Marketing To Intervene for the Limited Purpose of Seeking Modification to Protective Order**, with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

s/ J. Jeffrey Landen
*Counsel for The Home City Ice Company*

2498146.1