UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARTIN G. MCNULTY,<br><br>    Plaintiff,<br><br>v.<br><br>REDDY ICE HOLDINGS, INC., REDDY ICE CORPORATION, ARCTIC GLACIER INCOME FUND, ARCTIC GLACIER, INC., ARCTIC GLACIER INTERNATIONAL, INC., HOME CITY ICE COMPANY, INC., KEITH CORBIN, CHARLES KNOWLTON, and JOSEPH RILEY,<br><br>    Defendants. | Civil Action No. 2:08-CV-13178<br><br>Judge Paul D. Borman<br><br>Magistrate Judge R. Steven Whalen |

## PLAINTIFF'S RESPONSE IN SUPPORT OF MOTION TO INTERVENE

Plaintiff Martin G. McNulty files this response in support of the Motion of Louise Knowles d/b/a Special Events Marketing to Intervene for the Limited Purpose of Seeking Modification to Protective Order.

As stated in Plaintiff's Cross Motion for Protective Order (Dkt. #115), Plaintiff believes that a discovery sharing provision should be included in the protective order in this case, as it would promote the speedy and less expensive resolution of cases and the conservation of resources. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131-32 (9th Cir. 2003) ("This court strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery.")

(citation omitted); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 164 (6th Cir. 1987) (reversing district court's denial of third party's request to intervene "to seek out discovery material to assist in . . . pursuit [of a related antitrust claim] in which the public has a strong interest" where the district court had failed to consider the "strong underlying tradition of open records"); *Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 30 (E.D. Mich. 1981) ("[T]he Federal Rules do not prohibit collaboration among litigants, and there is no merit to the position that the fruits of discovery may not be shared.") (citation omitted).

Mr. McNulty's allegations center around Defendants' antitrust conspiracy, and RICO predicate acts taken by Defendants in furtherance of that conspiracy, including tampering and retaliating against Mr. McNulty as a witness in the federal criminal antitrust case against Defendants. As part of Mr. McNulty's RICO cause of action, Mr. McNulty is required to prove a pattern of racketeering. As part of that pattern of racketeering, Mr. McNulty alleges that:

> . . . Defendants used interstate mails and wires to further their customer and territorial allocation scheme. For example, throughout the duration of the conspiracy, Defendants used interstate mails and wires to submit rigged bids to potential customers, and submitted fraudulently inflated monthly or other periodic invoices to customers, who submitted payments using interstate mails and wires.

Am. Compl. ¶ 62.

Mr. McNulty has issued discovery requests seeking documents related to statements made by Defendants regarding whether bids or prices offered for packaged ice were independently and/or competitively determined. Mr. McNulty will also seek discovery regarding the geographic scope of the market allocation conspiracy between Defendants. This discovery is necessary to prove Mr. McNulty's mail and wire fraud allegations. Notwithstanding Defendants'

suggestions to the contrary, Mr. McNulty is entitled to such documents, as they are directly relevant to his RICO cause of action.[1]

Dated: January 28, 2010

/s/ Daniel L. Low
Daniel L. Low
Daniel A. Kotchen
Kotchen & Low LLP
2300 M St., NW, Suite 800
Washington, DC 20037
(202) 416-1848 (Tel.)
(202) 280-1128 (Fax)
dlow@kotchen.com
dkotchen@kotchen.com

Andrew A. Paterson
23880 Woodward Ave.
Pleasant Ridge, MI 48069-113
(248) 291-0550 x 275
aap43@hotmail.com

---

[1] In Arctic Glacier's brief, Arctic Glacier suggests that Mr. McNulty has not propounded discovery on Arctic Glacier related to the criminal antitrust conspiracy "presumably because McNulty recognizes that such documents have no relevance to his case." Arctic Glacier Opp'n to Mot. to Intervene at 12 n.8. To the contrary, as Plaintiff previously discussed with Arctic Glacier, his initial discovery requests did not target documents related to the antitrust conspiracy because "[the Arctic Glacier] Defendants . . . requested that discovery initially exclude documents related to the criminal antitrust conspiracy . . . . In light of Defendants' request, Plaintiff has voluntarily targeted his initial discovery towards employment-related issues." Letter from D. Low to P. Render at 4 (Aug. 3, 2009) (Dkt. #112-6).

Arctic Glacier also points out that a release signed by Mr. McNulty bars claims that Plaintiff had against Arctic prior to the time he signed the release. Arctic Glacier Opp'n to Motion to Intervene at 12. But the order did not preclude Mr. McNulty from relying on acts of mail and wire fraud related to the antitrust conspiracy subsequent to that date. In the same order, moreover, the Court found that "the Release does not bar any of Plaintiff's claims against Home City, Reddy Ice, and Mr. Riley." Order at 13 (Dkt. #84).

# CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2010, I electronically filed the foregoing Response to Motion to Intervene with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

- David H Bamberger
- Lisa A. Brown
- Anthony T. Chambers
- Pamela C. Dausman
- Eric Enson
- David A. Ettinger
- Mark H. Hamer
- Melissa B. Hirst
- Howard B. Iwrey
- Sanford M. Litvack
- Lawrence S. Lustberg
- Scott L. Mandel
- Jennifer Mara
- James R Nelson
- John B. Pinney
- Paula W Render
- Michael A. Roberts
- Peter R. Silverman

/s/ Daniel L. Low
KOTCHEN & LOW LLP
2300 M St., NW, Suite 800
Washington, DC 20037
(202) 841-7164
dlow@kotchen.com