# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARTIN G. MCNULTY

        Plaintiff,

v.

REDDY ICE HOLDINGS, INC., REDDY ICE
CORPORATION, ARCTIC GLACIER
INCOME FUND, ARCTIC GLACIER, INC.,
ARCTIC GLACIER INTERNATIONAL, INC.,
HOME CITY ICE COMPANY, INC., KEITH
CORBIN, CHARLES KNOWLTON, JOSEPH
RILEY,

        Defendants.

_____/

Case Number: 08-CV-13178

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

## ORDER GRANTING DEFENDANT ARCTIC GLACIER'S
## MOTION FOR LEAVE TO DEPOSE DEFENDANT KEITH CORBIN

On June 11, 2010, Defendant Arctic Glacier filed a Motion for Leave to Depose Keith
Corbin. (Dkt. No. 188).

On June 25, 2010, Plaintiff McNulty filed a brief in opposition to the instant motion.

(Dkt. No. 189).

On June 29, 2010, Arctic Glacier filed a Reply in Support of this motion. (Dkt. No. 190).

The Court gave notice of the instant motion to the United States Department of Justice,

which is conducting a related criminal anti-trust investigation/prosecution, pursuant to the DOJ's

request in a letter to this Court on November 20, 2008, that it be given 30 days notice prior to a

deposition to determine whether to formally intervene "to seek the Court's assistance in delaying

the deposition."

On September 8, 2010, the Court held a hearing on the instant motion. The Government appeared to formally intervene, requesting that the Court reject Defendant Arctic Glacier's motion at this time. Plaintiff joined the Government's request.

In addition to the open court proceedings, the Government requested, and the Court granted the Government's request, to discuss its objections *in camera* and under seal under Federal Rule of Criminal Procedure 6(e)(2)(B), because the investigation related to an ongoing federal grand jury proceeding.

Having read the briefings and heard the arguments,, the Court grants Defendant's Motion for Leave to Depose Keith Corbin, effective October 13, 2010 and thereafter.

There is a documented significant necessity to take Mr. Corbin's deposition in the near future to preserve his testimony. Mr. Corbin is 74 years old, but more significantly, suffers from serious medical problems, some life threatening. These ailments include an existing aortic aneurysm, and severe swelling in his legs, which increases the chances he will develop life-threatening blood clots. Indeed, Defendant Corbin's medical condition led U.S. District Judge Herman Weber to sentence him to "one day which he has already served", essentially probation, after his guilty plea in the criminal case. *U.S. v. Keith Corbin*, 09-CR-146 (S.D. OH., Feb. 2, 2010) Sentencing Transcript P.16. Also see Corbin's Judgment and Commitment Order, Feb. 2, 2010, P.2.

It is also significant that Mr. Corbin's testimony is argued to be critical to the defense in the instant case. Defendants deny Plaintiff McNulty's claims, a significant part of which rest on statements Plaintiff attributes to Defendant Corbin in a scenario that involved only the two individuals. Thus, Corbin's testimony is the only direct response to Plaintiff's claims that rest on

Corbin's alleged statements.

Although the Government requests that the Court deny the instant motion at this time, the Court concludes that the interests of justice mandate the granting of this motion.

In *Texaco v Borda*, 383 F.2d 607, 609 (3d Cir. 1967) the Third Circuit granted a writ of mandamus directing the district court to allow the plaintiff to depose an elderly witness. *Accord, DRFP, LLC v. Republica Bolivariana de Venezuela*, 2:04-CV-793, 2009 WL 4281261, at *1 (S.D. Ohio, Nov. 24, 2009); *Cate v. City of Rockwood*, 3:02-CV-611, 2006 WL 1663607, at *1 (E.D. Tenn., June 7, 2006).

The Court notes that the Government's criminal investigation has been proceeding for more than two years. Further, the Government has already indicted, convicted and sentenced Defendant Corbin.

As a respected jurist noted in an article:

> If criminal proceedings are over or there is no substantial criminal
> exposure, the courts are most likely to deny a plaintiff's discovery
> or other pretrial release.

Judge Milton Pollack, Parallel Civil Criminal Proceedings, 129 F.R.D. 201 (1989). Although the instant case involves a defendant's discovery, Judge Pollack's logic applies.

Defendant Arctic Glacier and the other defendants who have joined this motion have established a critical need to take and preserve Mr. Corbin's testimony. This "trumps" the Government's concerns at this late stage of a very lengthy criminal investigation.

Accordingly, the Court, weighing all of the circumstances, concludes that the interests of justice support the granting of this motion.

SO ORDERED.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 27, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 27, 2010.


S/Denise Goodine
Case Manager