UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN G. McNULTY,

                Plaintiff,

v.

REDDY ICE HOLDINGS, INC.,
ET AL.,

                Defendants.
_____/

Case No. 08-13178

Honorable Paul D. Borman
United States District Judge

Honorable R. Steven Whalen
United States Magistrate Judge

**ORDER**

Before the Court is a Motion for Protective Order [Doc. #148] filed by Defendant Home City Ice Company ("Home City"). For the reasons and under the terms set forth below, the motion is GRANTED.

Home City seeks both to limit the scope of discovery, based on relevance to the remaining RICO claim alleged by Plaintiff, and to require Plaintiff to provide assistance, in the form of search terms and other means, in order for Defendant to extract relevant information from a staggering volume of electronically stored information ("ESI") and paper documents. Home City also asks that Plaintiff share in the expense of producing discoverable information.

First, Home City asks that discovery be limited to the Plaintiff's claim that it participated in a RICO conspiracy to boycott him from employment in the packaged ice industry. Or, conversely, that Plaintiff not be permitted discovery regarding the separate market allocation conspiracy. I have already addressed this issue in my January 6, 2011 Opinion and Order denying Plaintiff's motions to compel [Doc. #203] and in my January 10, 2011 order granting Defendant Arctic Glacier's motion for protective order [Doc. #205]. For the reasons stated in those orders, and as I held in Doc. #205, "Plaintiff shall be precluded from taking discovery that relates solely to the market allocation conspiracy."

-1-

Home City states that it has a massive amount of both electronic and paper documents. James E. Stautberg, the Chief Financial Officer of Home City, and the custodian of records, states by affidavit that Home City, with the assistance of an electronic discovery consultant, has preserved electronic information, and that "the volume of [ESI] preserved–as estimated by that consultant–is approximately 4 terabytes."[1] In addition, Mr. Stautberg that Home City has 744 boxes of paper documents, for a total of approximately 2,600,000 pages.[2]  In this motion, Home City summarizes its request to Plaintiff as follows:

> "In order to render the process of searching for the documents more manageable, Home City asked McNulty, through his counsel, to do two things: (i) work with Home City and its electronic discovery consultant to try to come up with an agreed scope and means for conducting searches for the requested documents in identifiable sub-populations of Home City's ESI; and (ii) work with Home City to agree upon a mutually agreed scope and means for reviewing identifiable sub-populations of Home City's paper documents, based on a general index of those paper documents that was supplied to McNulty's counsel by Home City's counsel" *Doc. #148, p. 9.*

Consistent with that previous request to Plaintiff, Home City now asks this Court to order as follows regarding ESI:

> "Home City asks that the Court require McNulty to provide Home City with a reasonable list of search terms that Home City can use in conducting further searches of its reasonably accessible ESI for non-privileged and otherwise non-objectionable documents of the types that McNulty is requesting."  *Docket #148, p. 14.*

As to its paper documents, Home City states that "McNulty should also be required to specify those documents from within the overall population of paper documents in Home City's possession, custody and control that McNulty wants searched for non-privileged and otherwise non-objectionable documents responsive to his discovery requests."  *Id., p. 15.*

Fed.R.Civ.P. 26(b)(2)(b) addresses electronic discovery as follows:

---

[1] One terabyte is 1 trillion bytes of information, which would be the equivalent of approximately 220 million pages of printed text.

[2] Mr. Stautberg states that "an index of boxes...was created on or about August, 2007 and has been provided to counsel for mr. McNulty by Home City's counsel."

"(**B**) *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery."

Given the sheer volume of electronic (as well as hard copy) documents in Home City's possession, the Court could order that it not undertake a lengthy and expensive search of the equivalent of hundreds of millions of pages of documents. However, Plaintiff has good cause for requesting *relevant* information that may be contained within the larger body of documents. Further, this Rule does permit the Court to "specify conditions for the discovery," including requiring the Plaintiff to provide more narrowly focused search terms, and other courts have so ordered. *See, e.g., Henry v. Quicken Loans, Inc.*, 2008 WL 474127, *1 (E.D. Mich. 2008), where the court had ordered electronic discovery "based on search terms and methods to be worked out by the attorneys for both sides."

Indeed, in his response, Plaintiff expresses willingness to work with Home City in refining the search: "...Mr. McNulty has consistently expressed his willingness to work with Home City in reaching agreement on search terms and custodians, and has never refused to provide proposed search terms to Home City." *Docket #158, p. 7.* Both parties claim the high ground on willingness to cooperate in electronic discovery, but amid mutual recriminations of intransigence, apparently no cooperation has occurred. That will change with this Order.

Within 30 days of the date of this Order, the attorneys for Plaintiff and Home City will meet and confer, in good faith, in order to develop search terms or objective search criteria for use in identifying responsive and non-privileged documents within Home City's reasonably accessible ESI material. As part of this meet-and-confer, Plaintiff will provide for discussion reasonably fashioned search terms and criteria.

Likewise, within 30 days of the date of this Order, counsel for Plaintiff and Home City will meet and confer, in good faith, in order to identify reasonable sub-populations of paper documents to be searched, and also reasonable search criteria for use in reviewing those documents. Again, Plaintiff will, as part of the meet-and-confer, proffer reasonable sub-populations that are likely to be responsive to his requests, and identify reasonable search criteria.

Of course, the Plaintiff's discovery requests have already been narrowed by the elimination of material relating solely to the market allocation conspiracy.  Because the Court cannot venture a guess as to the extent of the narrowing, I am not at this time inclined to order cost-sharing between Plaintiff and Defendant. That request, therefore, will be denied without prejudice.  Home City may petition this Court for cost-sharing if so warranted by the volume of material searched or the cost of providing the discovery.

Accordingly, under these terms, Defendant Home City's motion for protective order [Doc. #148] is GRANTED.

SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: January 13, 2011

_____

**CERTIFICATE OF SERVICE**

I hereby certify on January 13, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 13, 2011: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217

-4-