# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

MARTIN G. MCNULTY,

Plaintiff,

v.

ARCTIC GLACIER INCOME FUND, ARCTIC GLACIER, INC., ARCTIC GLACIER INTERNATIONAL, INC., HOME CITY ICE COMPANY, INC., KEITH CORBIN, CHARLES KNOWLTON, and JOSEPH RILEY,

Defendants.

Civil Action No. 2:08-cv-13178

Judge Paul D. Borman

Magistrate Judge R. Steven Whalen

## SUPPLEMENTAL BRIEF IN SUPPORT OF
## MOTION TO DISMISS ARCTIC AND KNOWLTON

Dated December 11, 2015

/s/ Peter R. Silverman

Peter R. Silverman
Shumaker, Loop & Kendrick
1000 Jackson Street
Toledo, Ohio 43604-5573
*Counsel for Charles Knowlton*

Respectfully submitted,

/s/ Paula W. Render

Paula W. Render
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601

Howard B. Iwrey
Lisa A. Brown
DYKEMA
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304
*Counsel for the Arctic Glacier Parties*

There are two bases upon which Arctic and Knowlton seek dismissal of McNulty's claims.  First, McNulty's claim should be dismissed because, under Fed. R. Civ. P. 12(b)(6), McNulty fails to state claim upon which relief can be granted. The **Canadian Court**[1] entered an Order barring and enjoining Mr. McNulty's claim, which was recognized by the **U.S. Bankruptcy Court**. *See Mot. to Dismiss*, Dkt.256 at 1-4.  This Court may take judicial notice of those Orders when ruling on a 12(b)(6) motion. *See Reply to Mot. to Dismiss*, Dkt. 270 at 7.  A Court may dismiss a claim pursuant to 12(b)(6) if the claim is enjoined by a bankruptcy proceeding. *See Mohammed v. Great Atl. & Pac. Tea Co.*, 2014 U.S. Dist. LEXIS 113871, at *11-12 (S.D.N.Y. Aug. 15, 2015) (*Mot. to Dismiss,* Dkt. 256 at 4).

Second, courts have dismissed claims for violating a bankruptcy injunction without invoking any procedural rule, presumably on the basis of the court's inherent authority. *See Meaux v. N.W. Airlines, Inc.*, 2009 U.S. Dist. LEXIS 100544, at *6 (N.D. Cal. Oct. 16, 2009); *Goad v. MCT Group*, 2009 U.S. Dist. LEXIS 113498, at *8-9 (S.D. Cal. Dec. 4, 2009) (*Mot. to Dismiss*, Dkt. 256 at 4).

Finally, the **Canadian Court** and **U.S. Bankruptcy Court** Orders provide a complete basis for dismissal.  Any attacks by McNulty on the process those courts followed to arrive at those Orders are simply an impermissible collateral attack, which cannot proceed in this Court.  *See Resp. to Mot. to Sever*, Dkt. 264 at 4.

---

[1] Bold terms have the same definition as in the Motion to Dismiss.

## **CERTIFICATE OF SERVICE**

I certify that on December 11, 2015, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to counsel of record.

*/s/ Paula W. Render*
Paula W. Render
JONES DAY
77 West Wacker Dr.
Chicago, IL 60601.1692
Telephone:+1.312.782.3939
Facsimile:+1.312.782.8585
prender@jonesday.com